2nd District- Farmington
DAVIS COUNTY, STATE OF UTAH


ALMA RODRIGUEZ vs. TARGET CORPORATION

CASE NUMBER 210700936 Premises Liability
_____

CURRENT ASSIGNED JUDGE
        MICHAEL EDWARDS


PARTIES
        Plaintiff - ALMA RODRIGUEZ
        Represented by: LENA DAGGS
        Represented by: NATHAN MORRIS


        Defendant - TARGET CORPORATION


        Guardian - ALMA RODRIGUEZ
        Represented by: LENA DAGGS
        Represented by: NATHAN MORRIS



ACCOUNT SUMMARY
            Total Revenue Amount Due:        625.00
                        Amount Paid:         625.00
                      Amount Credit:           0.00
                            Balance:           0.00
        REVENUE DETAIL - TYPE: COMPLAINT - NO AMT S
                 Original Amount Due:        375.00
                  Amended Amount Due:        375.00
                        Amount Paid:         375.00
                      Amount Credit:           0.00
                            Balance:           0.00


        REVENUE DETAIL - TYPE: JURY DEMAND - CIVIL
                 Original Amount Due:        250.00
                  Amended Amount Due:        250.00
                        Amount Paid:         250.00
                      Amount Credit:           0.00
                            Balance:           0.00



CASE NOTE


PROCEEDINGS
12-14-2021  Filed: Complaint and Jury Demand (Tier 3)
12-14-2021  Case filed by efiler
12-14-2021  Fee Account created Total Due: 375.00
12-14-2021  Fee Account created
12-14-2021  Fee Account created Total Due: 250.00
12-14-2021  Fee Account created
12-14-2021  COMPLAINT - NO AMT S   375.00

```
12-14-2021   JURY DEMAND - CIVIL  250.00
12-14-2021   Judge MICHAEL EDWARDS assigned.
12-14-2021   Filed: Return of Electronic Notification
12-20-2021   Filed return: Summons on Return Target Corporation upon DANI
             SNOW, AUTHORIZED for
                     Party Served: TARGET CORPORATION
                     Service Type: Personal
                     Service Date: December 16, 2021
                        Garnishee:
12-20-2021   Filed: Return of Electronic Notification
```

If you do not respond to this document within
applicable time limits, judgment could be
entered against you as requested.

Nathan S. Morris (#9431)
Lena Daggs (#13666)
**EISENBERG CUTT KENDELL & OLSON**
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Email: ldaggs@eckolaw.com
        nmorris@eckolaw.com
*Attorneys for Plaintiff*

---

## IN THE SECOND DISTRICT COURT IN AND OF
## DAVIS COUNTY, STATE OF UTAH

| | |
|---|---|
| ALMA RODRIGUEZ, personally and as guardian of S.R., a minor, <br><br> Plaintiff, <br><br> vs <br><br> TARGET CORPORATION, <br><br> Defendant. | **COMPLAINT AND JURY DEMAND (TIER THREE)** |

Plaintiff, by and through counsel, hereby complains against the above-captioned Defendant as follows:

### PARTIES, JURISDICTION, & VENUE

1.     Plaintiff and S.R. reside in Davis County, State of Utah.  S.R. is a minor.  S.R.'s date of birth is xx/xx/2005.

2.     Defendant Target Corporation ("Target") maintains a place of business in Davis County, State of Utah, but has its headquarters in Minnesota.

3.     The incident giving rise to this Complaint took place in Davis County, Utah.

4.      This Court has jurisdiction in this action pursuant to Utah Code § 78A-5-102 and

Utah Code § 63G-7-501.

5.      Venue is proper before this Court pursuant to Utah Code § 78B-3-307.

### GENERAL ALLEGATIONS

6.      At all times pertinent, Defendant owned and operated a Target store in Centerville,

Utah ("Target").

7.      On June 18, 2019, S.R., then 13 years old, had been shopping at Target.

8.      S.R. left the store after making her purchase and was riding her bicycle.

9.      S.R. rode her bicycle behind Target by way of attempting to leave.

10.     She approached an open gate behind Target.

11.     It appeared to S.R. that the pathway was level and provided a straight pathway to

ride through.

12.     S.R. rode her bicycle past the gate, and suddenly without warning, went over an

approximate 5-foot drop into Target's back loading dock area.

13.     S.R. suffered serious injuries as a result of her fall.

14.     S.R. suffered injuries to her neck, back, shoulders, right arm, right knee, face and

head.

### FIRST CLAIM FOR RELIEF
#### (Negligence)

15.     Plaintiff incorporates all preceding paragraphs herein and further alleges the

following:

16.     Defendant owed Plaintiff and S.R. a duty to exercise reasonable care with respect

to the premises.

2

17.     Defendant breached its duties in one or more of the following ways:

    a.  Failing to maintain the premises in a safe condition;

    b.  Failing to adequately inspect the premises;

    c.  Leaving the loading gate open on the premises;

    d.  Failing to provide warning of the unsafe condition of the premises, namely the five-foot drop near the loading dock; and

    e.  Any other acts and/or omissions that may later be discovered.

18.     Defendant's breaches were a direct and proximate cause of Plaintiff's and S.R.'s injuries.

## SECOND CLAIM FOR RELIEF
### (Premises Liability and Non-Delegable Duty)

19.     Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

20.     Defendant was the owner and possessor of the premises, Target, and therefore owed non-delegable duties to make the premises safe and breached those duties to make the premises reasonably safe as set forth above.

21.     S.R. was an invitee in Target.

22.     Defendant knew of or by the exercise of reasonable care would have discovered the dangerous condition of the premises.

23.     Defendant should have realized that the dangerous condition involved an unreasonable risk of harm to S.R.

24.     Defendant should have expected that S.R. would not discover or realize the dangerous condition of the premises or would fail to protect herself against the condition.

25.     Defendant failed to exercise reasonable care to protect or warn S.R. from the condition.

26.     Defendant's failures were a direct and proximate cause of S.R.'s injuries and damages.

### THIRD CLAIM FOR RELIEF
### (Vicarious Liability)

27.     Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

28.     At all time pertinent, Defendant acted through its employees, owners, and officers while in the course and scope of their employment for Defendant.

29.     Under the theory of respondeat superior, Defendant is vicariously liable for the conduct of its employees, owners and officers.

### DAMAGES

30.     Plaintiff incorporates by reference all preceding paragraphs herein and further alleges the following:

31.     As a direct and proximate result of Defendant's wrongful acts, omissions, and negligence, S.R. incurred past and future medical expenses in an amount to be proven at trial.

32.     As a direct and proximate result of Defendant's wrongful acts, omissions and negligence, S.R. experienced and will experience physical, mental, and emotional pain and suffering; loss of enjoyment of life; impairment; disability; disfigurement; scarring; and other non-economic damages in an amount to be proven at trial.

33.     As a direct and proximate result of Defendant's wrongful acts, omissions, and negligence, S.R. has suffered and will suffer a loss of wages, earning capacity, household services and other economic damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be determined by the trier of fact for the following damages, which will be sufficient to satisfy the Tier Three requirements of the Utah Rules of Civil Procedure:

a.     For economic damages in an amount to be determined at trial;

b.     For non-economic damages in an amount to be determined at trial;

c.     For costs, interests, and attorney fees to the extent allowed by law; and

d.     For such further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a jury trial of all issues that may be tried of right by a jury.

DATED this 14th day of December, 2021.

EISENBERG CUTT KENDELL & OLSON


 /s/  Nathan Morris
Nathan Morris
Lena Daggs
*Attorney for Plaintiff*

SERVED
DATE ~~12/16/2021~~   TIME 10:08
RELATION
NO.   #P100877
WASATCH ATTORNEY SERVICES
124 W. 400 SO. #7
SALT LAKE CITY, UT 84115
800-970-8220

Nathan S. Morris (#9431)
Lena Daggs (#13666)
**EISENBERG CUTT KENDELL & OLSON**
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Email: ldaggs@eckolaw.com
      nmorris@eckolaw.com
*Attorneys for Plaintiff*

---

## IN THE SECOND DISTRICT COURT IN AND OF
## DAVIS COUNTY, STATE OF UTAH

| | |
|---|---|
| ALMA RODRIGUEZ, personally and as guardian of S.R., a minor,<br><br>  Plaintiff,<br><br>vs<br><br>TARGET CORPORATION,<br><br>  Defendant. | **SUMMONS**<br><br>Case No.  210700936<br><br>Judge:  Michael Edwards |

THE STATE OF UTAH TO THE BELOW NAMED DEFENDANT:

**TARGET CORPORATION**
**Registered Agent:  CT Corporation System**
**1108 E. South Union Avenue**
**Midvale, Utah 84047**

You are hereby summoned and required to file an answer in writing to the attached

Complaint with the Clerk of the above-entitled Court at Court Clerk, Second District Court, 800

West State Street, Farmington, Utah 84025, and to serve upon or mail to Eisenberg, Cutt,

1

Kendell & Olson, Plaintiff's attorney, 900 Parkside Tower, 215 South State Street, Salt Lake City, UT 84111, a copy of said answer within 21 days after service of this Summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court and a copy of which is hereby annexed and herewith served upon you.

DATED this 14th day of December, 2021.

**EISENBERG, CUTT, KENDELL & OLSON**

/s/ Jacquelynn D. Carmichael

_____

Jacquelynn D. Carmichael
Attorneys for Plaintiff

2